**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

TRISURA SPECIALTY INSURANCE      )
COMPANY,                         )
                                 )
            Plaintiff,           )
                                 )
v.                               )      Case No. CIV-26-122-J
                                 )
SEDGWICK CLAIMS MANAGEMENT        )
SERVICES, INC.,                  )
                                 )
            Defendant.           )

**ORDER**

Plaintiff filed suit in the District Court of Oklahoma County and Defendant removed the matter to this Court. Currently pending is Defendant's motion to dismiss [Doc. No. 2] and memorandum in support (Def.'s Mem.) [Doc. No. 3], to which Plaintiff has responded (Pl.'s Resp.) [Doc. No. 6]. For the reasons discussed below, the motion is GRANTED.

**I.      Background**

The following facts are taken from the Complaint (Compl.)[1] [Doc. No. 1-2] and relevant exhibits and viewed in the light most favorable to Plaintiff. *See In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015); *Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020).

In May 2021, Plaintiff, an Oklahoma corporation, and Defendant, an Illinois corporation with its principle place of business in Tennessee, entered a Third Party Claims Administration Agreement (Agreement), agreeing that Defendant would act as Plaintiff's servicing agent. The Agreement included an Oklahoma choice-of-law provision.

---

[1] Although filed as a Petition in state court, the pleading is now referred to as a Complaint.

In October 2023, non-party Billy Hernandez made a claim against non-party STRTR Logistics, LLC (STRTR), who was insured through Plaintiff. Defendant was responsible for handling the claim. Eventually, Mr. Hernandez submitted a "*Stowers* Demand,"[2] which Defendant allegedly rejected without notifying or seeking approval from Plaintiff, in breach of the Agreement. Eventually, due to Defendant's rejection of the "*Stowers* Demand," Mr. Hernandez named Plaintiff as a defendant in his lawsuit.

Plaintiff accuses Defendant of breach of contract, negligence, and gross negligence. Defendant seeks dismissal for lack of personal jurisdiction.

II.    **Analysis**

   A.    **Standard of Review**

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show jurisdiction is proper under the laws of the forum state and the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *See Dental Dynamics,* 946 F.3d at 1228. Oklahoma's long-arm statute, 12 Okla. Stat. § 2004(F), provides that "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." The long-arm statute is coextensive with the constitutional limitations imposed by the Due Process Clause. *See Rambo v. American S. Ins. Co.*, 839 F.2d 1415 1416 (10th Cir. 1988). Therefore, if jurisdiction is consistent with the Due Process Clause, Oklahoma's long-arm statute authorizes jurisdiction over a nonresident defendant.

---

[2] For informational purposes, "[t]he *Stowers* doctrine shifts the risk of an excess judgment from the insured to the insurer by subjecting an insurer to liability for the wrongful refusal to settle a claim against the insured within policy limits. A settlement demand triggers an insurer's *Stowers* duty to respond" under various circumstances. *AFTCO Enters., Inc. v. Acceptance Indem. Ins. Co.*, 321 S.W.3d 65, 69 (Tex. App. 2010) (citation omitted).

"General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state and does not require that the claim be related to those contacts." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (cleaned up). "Specific jurisdiction, on the other hand, is premised on something of a quid pro quo: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Id.* (same). Plaintiff appears to rely only on specific jurisdiction. *See* Pl.'s Resp. at 4-9.

Specific jurisdiction may not be exercised over the nonresident Defendant unless it has sufficient minimum contacts with Oklahoma and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *See Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904, 908 (10th Cir. 2017) (cleaned up). In analyzing the sufficient contacts, the Court must determine whether Defendant has purposefully directed its activities at residents of Oklahoma and the litigation results from alleged injuries that arise out of or relate to those activities. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).

In cases arising from contractual relationships, the Court's analysis is guided by the Supreme Court's opinion in *Burger King*, which rejected "mechanical tests" or "conceptualistic theories" such as the place of contracting or performance. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985). Instead, the court "emphasized the need for a 'highly realistic' approach" that considers factors such as "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* at 478–79; *see also AST Sports Science, Inc. v. CLF Distrib. Ltd.,* 514 F .3d 1054, 1058 (10th Cir. 2008). "A contract alone does not subject a nonresident defendant to the jurisdiction of the subject forum," but

additional facts that demonstrate the pursuit of an ongoing business relationship can support jurisdiction. *Id.* at 1059.

**B.      Discussion**

Plaintiff alleges that (1) it entered the Agreement with Defendant, (2) Defendant has a registered service agent (and/or is hiring one) in Oklahoma, and (3) the Agreement contains an Oklahoma choice-of-law clause.  This, according to Defendant, is insufficient to satisfy the minimum contacts requirement.  *See* Def.'s Mem. at 5-6.  In response, Plaintiff argues that Defendant has purposefully directed its activities at it – an Oklahoma corporation – and has maintained a contractual relationship with it since April 2019.  *See* Pl.'s Resp. at 6; *see also id.*, Ex. 2.

Applying the *Burger King* factors, the Court finds that Plaintiff has failed to establish a prima facie case for sufficient contacts between Defendant and the State of Oklahoma.

Plaintiff primarily relies on its continuing relationship with Defendant.  To that end, Plaintiff provides evidence that it has engaged with Defendant in "at least fifteen different insurance programs" since April 2019.  Pl.'s Resp., Ex. 2 at 1.  However, this information is insufficient.  As discussed in *Burger King*, Defendant contracting with Plaintiff is not, standing alone, sufficient to satisfy the purposeful direction requirement.  *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 910 (10th Cir. 2017).  The Court must also consider "(a) the parties' 'prior negotiations,' (b) their 'contemplated future consequences,' (c) 'the terms of their contract,' and (d) 'the parties' actual course of dealing."  *Id.* (cleaned up).  But aside from stating that the parties have had a series of contracts over the course of several years, Plaintiff does not supply factual allegations or otherwise present any evidence regarding whether Defendant directed its activities at Plaintiff (or vice versa), the prior negotiations, any contemplated future consequences, the parties' communications, or actual course of dealing.  *See* Compl., *passim*; *see*

4

*also* Pl.'s Resp., *passim*.  Under such circumstances, Plaintiff fails to set forth a prima facie case for specific personal jurisdiction.  *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) (reiterating that "the plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's *conduct* that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." (emphasis added)); *Old Republic*, 877 F.3d at 910-912 (finding a lack of specific jurisdiction where plaintiff showed "some – but not enough – contacts to establish purposeful direction under the continuing relationship framework" because:  "The record here falls short of the circumstances suggesting purposeful direction . . . .  It fails to show that Continental Motors specifically sought to do business, negotiated a contract envisioning significant and long-term obligations, or conducted frequent and regular communications with Arapahoe Aero.").

Citing *AST Sports*, Plaintiff argues its longstanding relationship with Defendant is enough. But *AST Sports* is distinguishable because there, the court had a full factual history which explained how the business relationship began – including that the defendant initiated the business relationship with plaintiff in the forum state – and documented the years long complex interactions between the parties, including their methods of communication, meetings, and contractual relationship.  Based on those facts, the court was able to determine that "[t]aken together, these circumstances constitute a business relationship, lasting over a period of seven years, that include 'prior negotiations and contemplated future consequences, along with the . . . parties' actual course of dealing.'"  514 F.3d at 1059 (citing *Burger King*, 471 U.S. at 479).

That factual history is missing here, and it was Plaintiff's burden to provide.  *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists.").  And without additional allegations or evidence relating to the parties' relationship, the Court cannot find that specific

jurisdiction exists based on their multiple contracts over several years or the Oklahoma choice-of-law provision.[3] *See Burger King*, 471 U.S. at 482 (holding that while a choice-of-law provision is one relevant factor, it alone does not confer jurisdiction); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) ("[T]he occurrence of two dozen transactions taking place over a period of eight years, with the last taking place at least four years before suit was filed in November 2000, is not sufficient to meet the high burden of demonstrating that Cameco had 'continuous and systematic general business contacts.'" (citation omitted)); *STI Trucking, LLC v. Santa Rosa Operating, LLC,* No. 20-CV-0073-JFH-CDL, 2021 WL 3622044, at *4 (N.D. Okla. Aug. 13, 2021) (declining to find specific jurisdiction where plaintiff failed to provide any evidence from which the court could determine whether the defendant directed its activities towards plaintiff or how communication occurred and distinguishing *AST Sports* because there the court had significantly more factual detail).

## III.    Conclusion

For the reasons set forth above, the Court finds that Plaintiff has failed to establish a prima facie case that this Court has specific personal jurisdiction over Defendant. Accordingly,

---

[3] The Court likewise finds that evidence suggesting that Defendant has a service agent and/or is hiring a service agent in Oklahoma is irrelevant. To the extent such evidence would suggest general jurisdiction, it is woefully insufficient to show that Defendant's contact with Oklahoma is "so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *see also 2000 Inter. Ltd. v. Chambers*, No. 99-2123-JTM, 2000 WL 1801835, at *4 (D. Kan. Nov. 6, 2000) (rejecting plaintiff's argument that defendant's service agent located in Kansas was sufficient to establish general jurisdiction in that forum). As for specific jurisdiction, Plaintiff provides no argument that the existence of Defendant's service agent in Oklahoma is in anyway related to its claims against Defendant. *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (holding that where plaintiff cannot show the relevant connections, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State" (cleaned up)).

Defendant's motion to dismiss [Doc. No. 2] is GRANTED and this matter is DISMISSED without prejudice.

A separate judgment will issue.

IT IS SO ORDERED this 6th day of March, 2026.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE